UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORY TOWNSEND,

                Plaintiff,

  -against-

THE PEOPLE OF THE STATE OF NEW YORK,
CITY OF NEW YORK POLICE DEPARTMENT,
VIRGIL B. CUMBERBATCH, RICHARD A. IZZO,
DANNY K. CHUN, MICHAEL CHESSA, MIJIN
CHUNG KANG, CHRISTINA GIARDINO, BETTY J.
WILLIAMS, CRAIG LEE NEWMAN, JOSEPH
E. GUBBAY, A. GAIL PRUDENTI, ROBERT
FOSTER, GLENN ERIC SINGER, JOSEPH
PONTE, MARY ELIZABETH MONAHAN,
ERIC N. VITALIANO, COMPLAINER DOE(s),

                Defendants.[1]
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 6 - 2015 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-6079 (CBA) (LB)

**AMON, Chief United States District Judge.**

On October 16, 2014, plaintiff, Cory Townsend, appearing pro se, filed this action against defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. §§ 241-242, 1512. Townsend alleges violations of various constitutional rights, as well as claims sounding in "File tampering, False Imprisonment [and] Libel/Defamation." (Complaint ("Compl.") ¶ 2.) He seeks damages, as well as declaratory and injunctive relief. (Id. ¶ 4.) The Court grants plaintiff's request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), for purposes of this Order only and dismisses Townsend's complaint, but grants him leave to re-plead certain of his claims.

---

[1] In the body of his complaint, plaintiff includes the following additional defendants: State of New York, Criminal Court of the City of New York-Part APAR, Criminal Court of the City of New York-Part AP1F, Supreme Court of the State of New York-Criminal Term-Part 50, Supreme Court of the State of New York-Criminal Term-Part 85-TAP, the Legal Aid Society, Kings County District Attorney Office, Sunil Singh, Gabriel Echevarria, Curtis Farber, Alexander Jeong, Iliana Santiago, Cory Mescon, Reginald W. Haley III, and David Michael Walensky. (See Complaint ¶ 1.)

1

## BACKGROUND

Townsend's core contention turns on the alleged illegitimacy of his state court criminal prosecution. (Compl. Exh. A1 ¶¶ 15-29, 31, 33-35; see also id. Exhs. A-O, Q-U.)[1] Specifically, he contends that the state court lacks jurisdiction over him, that the court forced public defenders on him, that those public defenders "did not defend plaintiff," and that the court held hearings in his absence. (Id.) Based on the court documents appended to his complaint, Townsend appears to have been charged with possession of heroin in Kings County Supreme Court. (Id. Exhs. A at 2-3, B at 2.) Townsend also puts forth other claims related to his prosecution. First, he challenges a psychiatric examination ordered by the state court. (Id. Exh. A1 ¶¶ 34-35.) He also claims that he was denied assistance of counsel because the court did not permit Lidya Maria Radin, a non-attorney, to represent him at a hearing on June 10, 2014. (Id. Exhs. A1 ¶ 35, T.) He alleges that a member of the New York State Courts Department of Public Safety, Robert Foster, defamed him by hanging a "wanted poster" in Kings County Supreme Court. (Id. Exhs. A1 ¶ 30.) The poster: (1) declares Townsend a "person of interest," (2) describes his efforts as a "Sovereign Citizen" to personally serve purported legal documents on people involved in his prosecution, and (3) asks that anybody who sees him at the courthouse pay "special attention" to him, document his presence, and notify courthouse public safety officials. (Id. Exh. P.) Townsend also claims that several documents went missing from his case file. (Id. Exh. A1 ¶¶ 32.) Lastly, he appears to claim that Judge Eric N. Vitaliano, of this District, wrongfully denied Townsend's petition for a writ of habeas corpus. (Id. Exh. A1 ¶¶ 36-38.) Judge Vitaliano

---

[1] It is not clear from Townsend's complaint whether that prosecution is ongoing.

dismissed the petition without prejudice after Townsend failed to correct deficiencies in the filing of his petition. (Id. Exh. V.)

Townsend seeks money damages, an injunction preventing defendants from "interfering in any way with plaintiffs [sic] lawful right to travel, negotiate and enter into contracts," and a declaratory judgment that, in effect, the state court legal process was illegitimate. (Id. ¶ 4.)

## STANDARD OF REVIEW

A district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief can be granted if it does not plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint plausibly states a claim if the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

A court must construe a pro se litigant's pleadings liberally and interpret them to raise the strongest arguments they fairly suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Liberal construction is especially important when a pro se litigant's pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537

3

F.3d 185, 191 (2d Cir. 2008). Lastly, a pro se complaint should not be dismissed without granting a pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

### I. Section 1983

#### A. Sovereign Immunity

The Court lacks subject matter jurisdiction over Townsend's claims against the State of New York, the People of the State of New York, the Kings County District Attorney's Office, and the Criminal and Supreme Courts of the City of New York. Accordingly, it must dismiss the claims against these entities. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. "It has long been settled that the reference to actions 'against one of the United States'" in the Eleventh Amendment "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997). Although the text of the Eleventh Amendment speaks only to "Citizens of another State," the Supreme Court has long held that it also cover suits by citizens of the state named as defendant. Nat'l Foods, Inc. v. Rubin, 936 F.2d 656, 659 n.2 (2d Cir. 1991) (citing Hans v. Louisiana, 134 U.S. 1, 10 (1890)).

Congress can abrogate state sovereign immunity by: "(1) unequivocally expressing its intent to do so, and (2) acting pursuant to a valid exercise of power." Kozaczek v. N.Y. Higher Educ.

Servs. Corp., 503 F. App'x 60, 61 (2d Cir. 2012) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996)). However, "it is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983." Sargent v. Emons, 582 F. App'x 51, 52 (2d Cir. 2014) (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)). It is equally "well[] established that New York has not consented to § 1983 suits in federal court." Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir.1977)). With respect to injunctive relief, although the doctrine in Ex parte Young permits "suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law," Henrietta D. v. Bloomberg, 331 F.3d 261, 287 (2d Cir. 2003), that doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought," Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

Townsend's claims are therefore dismissed as against the State of New York, the People of the State of New York, the Kings County District Attorney's Office, and the Criminal and Supreme Courts of the City of New York. 28 U.S.C. 1915(e)(2)(B)(iii); see also Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an 'arm of the State' and . . . is entitled to Eleventh Amendment sovereign immunity"); Ying Jing Gan v. City of New York, 996 F.2d 522, 535-36 (2d Cir. 1993) (holding that district attorney represents State not county and so is entitled to Eleventh Amendment immunity).

### B. NYPD

Townsend's complaint must also be dismissed as against the New York City Police Department ("NYPD"). The New York City Charter requires that suit "be brought in the name of


the City of New York and not in that of any agency." N.Y.C. Charter § 396; see also Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008) (per curiam) (noting that § 396 "has been construed to mean that New York City departments [and agencies], as distinct from the City itself, lack the capacity to be sued"). The NYPD is just such a city department. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is not a suable entity.). Therefore, plaintiff's claims against the NYPD are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Judicial Immunity

The Court also dismisses Townsend's claims against Curtis Farber, Alexander Jeong, Danny Chun, Betty J. Williams, Joseph E. Gubbay, and Eric N. Vitaliano. All are judges employed by the state courts, except Judge Vitaliano, who is a United States District Judge in this District.[3] Judges "generally have absolute immunity" from suit for judicial acts performed in their judicial capacities. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13. Rather, judicial immunity is overcome in only two instances. The first is "liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Bliven, 579 F.3d at 209 (quoting Mireles, 502 U.S. at 11). The second is liability arising from actions taken "'in the complete absence of all jurisdiction.'" Basile v. Connolly, 538 F. App'x 5, 7 (2d Cir. 2013) (emphasis in the original) (quoting Mireles, 502 U.S. 11-12). Section 1983 prohibits injunctive relief "against a judicial

---

[3] Judge Vitaliano presided over Townsend's prior habeas petition, which was dismissed without prejudice. See Townsend v. Gubbay, No. 14-cv-3846 (E.D.N.Y. July 24, 2014).

6

officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004).

Nothing in Townsend's complaint suggests the applicability of either exception to absolute judicial immunity from suits for money damages. He declares that the judges acted without jurisdiction. But the facts in his complaint do not make that claim plausible. Setting aside Townsend's frequent declarations that the proceedings were illegitimate, his complaint describes nothing more than a run-of-the-mill state court prosecution for drug possession, the kind of case over which there is no doubt that state courts have jurisdiction. Moreover, Townsend has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief." See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (affirming dismissal of pro se complaint that failed to allege either exception to the bar on injunctive relief). Accordingly, Townsend's claims against these judges are dismissed. 28 U.S.C. §§ 1915 (e)(2)(B)(ii)-(iii).

### D. Prosecutorial Immunity

Townsend's complaint against the state prosecutor-defendants is also dismissed. Similar to a judge, "[a] prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir.

1995) (internal quotation marks omitted). On the other hand, absolute immunity is unavailable when the challenged conduct does not concern a traditional function of a prosecutor or is unconnected with the judicial process. See Simon, 727 F.3d at 171-72. It is well-settled that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler, 424 U.S. at 431). Townsend's only allegations with respect to the prosecutor-defendants relate to their appearance in his state court criminal case, a core prosecutorial function. Therefore, Townsend's claims against defendants "Complainer Doe as District Attorney," Singer, Chessa, and Monahan are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**E. Public Defenders and Court-Appointed Attorneys**

Plaintiff alleges that he objected to the representation of the following public defenders or court-appointed counsel assigned to him: Iliana Santiago, Corey Mescon, Mijin Chung Kang, Christina Giardino, Reginald W. Haley III, Craig Lee Newman, David Michael Walensky and the Legal Aid Society. The complaint against these defendants is also dismissed. To maintain a § 1983 action, plaintiff must allege that the conduct at issue: (1) was "committed by a person acting under color of state law" and (2) "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). "[A] private actor acts under

color of state law when the private actor is a willful participant in joint activity with the State or its agents," but "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted). Alternatively, to support a claim against a private party on a § 1983 conspiracy theory, a plaintiff must show "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25.

Besides the Legal Aid Society itself, the individuals Townsend names are either court-appointed defense attorneys or public defenders. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Furthermore, "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (collecting cases). As for the Legal Aid Society itself, it falls within the rule in Rodriguez. See Brown, 367 F. App'x at 216 (affirming dismissal of § 1983 case against Legal Aid Society with citation to Rodriguez). To the extent Townsend seeks to assert a cause of action based on the ineffective assistance of counsel, "an ineffectiveness [claim is not actionable] in a proceeding brought under § 1983." Bourdon v. Loughren, 386 F.3d 88, 90 (2d Cir. 2004).

Townsend's complaint could be read to suggest that his public defenders and court-appointed attorneys conspired with a state court judge to pursue his illegal prosecution. See

Tower v. Glover, 467 U.S. 914, 920 (1984) (holding that, Dodson notwithstanding, "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights"). However, those allegations are wholly conclusory and do not plausibly suggest the existence of such a conspiracy. Accordingly, Townsend's claims against defendants Santiago, Mescon, Kang, Giardino, Haley, Newman, Walensky and the Legal Aid Society are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. Personal Involvement**

Townsend's complaint is dismissed as to Virgil B. Cumberbatch, Sunil Singh, Gabriel Echevarria, and Richard A. Izzo because he does not allege their personal involvement in any actions taken against him. In fact, he says nothing about them. He merely lists them as defendants. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Therefore, his claims against Cumberbatch, Singh, Echevarria, and Izzo are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**G. Remaining § 1983 Defendants**

Townsend's § 1983 claims against Joseph Ponte and Judge A. Gail Prudenti must also be dismissed for failure to state a claim.

**i. Joseph Ponte**

As to Ponte, who Townsend identifies as "NYC DOC Commissioner," the only allegation against him is that he failed to respond to Townsend's habeas petition. (Compl. Exh. A1 ¶ 36.) Failing to answer a habeas petition does not make out a § 1983 claim, and certainly not in this case. The docket sheet in Townsend's habeas case indicates that, two days after the petition was

filed, the court sent a letter to Townsend notifying him of deficiencies in his filing and requiring him to correct those deficiencies within fourteen days. (Compl. Exh. U; see also Townsend v. Gubbay, No. 14-cv-3846 (E.D.N.Y. June 20, 2014), ECF No. 2.) Townsend did not respond and, on July 24, 2014, Judge Vitaliano dismissed the case without prejudice. (Compl. Exh. U; see also Townsend v. Gubbay, No. 14-cv-3846 (E.D.N.Y. July 24, 2014).) At no point, therefore, was there a reason for Ponte to respond to Townsend's habeas petition. Accordingly, Townsend fails to state a claim as against Ponte. 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### ii. Judge A. Gail Prudenti

Townsend alleges that Judge Prudenti "tampered" with his criminal case file and "removed part of it." (Compl. Exh. A1 ¶ 32.) Presumably Townsend is alleging that Judge Prudenti unconstitutionally limited his access to the courts. That claim must be dismissed. At the time the complaint was filed, Judge Prudenti was the Chief Administrative Judge for the New York state court system. See New York State Unified Court System, Administrative Directory – Executive Officers, Entry for Chief Administrative Judge A. Gail Prudenti, https://www.nycourts.gov/admin/directory/prudenti_gail.shtml (last visited Apr. 22, 2015). In that role, she "oversees the administration and operation of the statewide court system." Id. "This appears to be an administrative function and, therefore, beyond the scope of judicial immunity." Collins v. Lippman, No. 04-cv-3215, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005). However, Townsend does not plead facts that raise his allegation to the level of plausibility. Townsend alleges that he "noticed several documents missing from case file indictment #08530-2012." (Compl. Exh. A1 ¶ 32.) He then simply asserts that "[o]n information and belief A. Gail Prudenti has tampered with said file and removed part of it." (Id.) Townsend

---

[2] The Court notes that Townsend levels the same allegation against Gubbay and Chessa. (Compl. Exh. A1 ¶ 36.) That allegations fails as against them for the same reason it fails as against Ponte.

11

does not allege any facts that link the supposedly missing documents to any action taken by Judge Prudenti.

To the extent Townsend means to ground Judge Prudenti's liability in her administrative supervision of the court system, the claim still fails. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"). To establish the liability of a supervisory defendant, a plaintiff must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." See Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).[3] Townsend has not pleaded facts sufficient to fit his claim into any of the Colon categories. Accordingly, Townsend's claim as against Judge Prudenti is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] The Second Circuit has declined to decide how, if at all, the Supreme Court's decision in Iqbal "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations." Grullon, 720 F.3d at 139; see also Raspardo, 770 F.3d at 116-17. Therefore, the Court will apply the standards articulated by the Second Circuit in Colon, 58 F.3d at 873.

12

## II. Sections 1985 and 1986

Townsend's claims pursuant to Sections 1985 and 1986 must also be dismissed. "The four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (citing United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). "Dismissal of 'conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights' is appropriate." Bhatia v. Yale Sch. of Med., 347 F. App'x 663, 665 (2d Cir. 2009) (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.1983)). "[A] § 1986 claim must be predicated upon a valid § 1985 claim." Mian, 7 F.3d at 1088. Townsend's claims pursuant to these statutes fail because, among other reasons, the facts he pleads do not plausibly suggest the existence of a conspiracy to deprive him of his rights. To the extent he even asserts the existence of a conspiracy, his claim relies only on a "conclusory, vague, or general allegations of conspiracy." Bhatia, 347 F. App'x at 665 (quoting Sommer, 709 F.2d at 175); see also Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"). Accordingly, Townsend's claims pursuant to § 1985 and § 1986 are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Federal Criminal Statutes

Townsend brings claims under a three federal criminal laws housed within Title 18 of the United States Code, 18 U.S.C. §§ 241, 242, 1512. There is no private right of action under these criminal statutes. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (no private right of action under §242); Lodrini v. Sebelius, No. 14-cv-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (no private right of action under §§ 241, 242); Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (no private right of action under § 1512 and collecting cases to that effect), aff'd, 350 F. App'x 605 (3d Cir. 2009). Accordingly, these claims must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Prospective Relief

Townsend's remaining requests for prospective relief are dismissed. He asks the court to "permanently enjoin [defendants] from interfering in any way with [Townsend's] lawful right to travel, negotiate and enter into contracts." (Id.) He also asks the court for declaratory judgments to the effect: (1) that defendants "have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law"; (2) that defendants "have acted contrary to constitutional right, power or privilege"; (3) that defendants "were in excess of statutory jurisdiction, authority and short of statutory right"; and (4) that "the records of the court not of record are impeached for want of jurisdiction in the Court or judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings." (Compl. ¶ 4.) In effect, Townsend is asking this Court to intervene in his state criminal prosecution. It is not clear whether Townsend's case is still pending before

14

the state court. His requests for prospective relief are dismissed regardless, but the reasons differ depending on the posture of his criminal case.

Assuming Townsend's case is ongoing, the Court must abstain from issuing an injunction or declaratory judgment under the Younger abstention doctrine. In Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court held that a federal court . . . should not enjoin a criminal proceeding in a state court." Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 646 (2d Cir. 2009). "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100-01 (2d Cir. 2004). The first two requirements are clearly met if Townsend's prosecution was ongoing at the time he filed his complaint: (1) the state proceeding was ongoing at the time the action was brought before this Court and (2) "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." Hansel v. Town Ct. for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995) (noting that question is whether state proceeding pending at time lawsuit filed in federal court). The circumstances here also satisfy the third requirement. "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review . . . is inadequate for Younger purposes." Id. at 394. There is no reason why Townsend's claims cannot be brought in New York courts, be it before trial or on direct appeal. See Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988). Neither the "bad faith" exception nor the "extraordinary circumstances" exception to Younger abstention applies here. See Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994) (Bad faith exception applies where "no

reasonable expectation of obtaining a favorable outcome" in state case.); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 199 (2d Cir. 2002) (Bad faith applies where "state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," and "extraordinary circumstances" exception requires: "(1) that there be no state remedy available" that can "meaningfully, timely, and adequately remedy" the alleged violation and "(2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene."). Younger abstention applies with equal force to Townsend's requests for declaratory judgment. Bey v. State of New York, 166 F.3d 1199 (2d Cir. 1998) (citing Samuels v. Mackell, 401 U.S. 66, 68 (1971)) (A court is "required to abstain from an action seeking declaratory relief that would affect the criminal proceeding.")

Assuming, on the other hand, that Townsend's case ended prior to the time he filed this case in federal court, his claims for prospective relief nevertheless fail. If Townsend challenges the unfavorable consequences of conviction, § 1983 is not a proper means for him to "challeng[e] the very fact or duration of . . . physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); see also Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (outlining Preiser doctrine). For such challenges, the "sole federal remedy is a writ of habeas corpus." Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2d Cir. 1990) (quoting Preiser, 411 U.S. at 500) (internal quotation marks omitted). Accordingly, Townsend's requests for prospective relief are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. Defamation and Libel Claims

Townsend sues Robert Foster, an employee of the New York State Department of Public Safety, for defamation and libel for allegedly disseminating the "wanted poster" at the state

courthouse lobby. (Compl. Exh. P.) There is no federal cause of action for defamation because it "is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004). Townsend has not alleged diversity of citizenship. The Court has dismissed all of Townsend's federal causes of action, and it declines to exercise supplemental jurisdiction over this state law claim. See 28 U.S.C. § 1367(c)(3). Even if the Court had not dismissed Townsend's federal claims, supplemental jurisdiction would be inappropriate. The defamation and libel claims and Townsend's federal claims do not "derive from a common nucleus of operative fact." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). The facts underlying the federal claims pertain to Townsend's state court prosecution. The facts underlying the state claim, on the other hand, pertain to Townsend's behavior in the courthouse. His presence in the courthouse bears some relation to his prosecution in that the poster noted that Townsend had sought to serve purported legal documents on people involved in his prosecution. (Compl., Exh. P.) However, the poster was not a part of the state's efforts to prosecute him but rather an effort to preserve courthouse security. Those facts do not "substantially overlap[]," nor do "the federal claim[s] necessarily br[ing] the facts underlying the state claim before the Court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir.2006).

## VI. Leave to Amend

Although the Court dismisses Townsend's complaint in full, it grants him leave to amend with respect to his claim against Cumberbatch, Singh, Echevarria, and Izzo. In the case of his other claims, the Court need not afford Townsend an opportunity to amend his complaint because, for the reasons stated above, "the court can rule out any possibility . . . that an amended

complaint [on those claims] would succeed in stating a claim." Gomez, 171 F.3d at 796. With respect to the claims Townsend has permission to re-plead, he must, in amending his complaint, he must in fact plead facts that plausibly give rise to liability on the part of these four defendants. As it is, he has said nothing about these defendants save for listing their names in the complaint. Should Townsend choose to file an amended complaint, he must do so within thirty (30) days of this Order. He is advised that an amended complaint replaces the complaint currently pending before the Court in its entirety and therefore must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed. The amended complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

For the reasons set forth above, the complaint, filed in forma pauperis, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, as stated above, Townsend may file an amended complaint as to certain defendants within thirty (30) days of this Order. If he fails to do so, the Court shall enter judgment as to those claims. Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: Brooklyn, New York
August 5, 2015

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge